**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SARVAR BEGNAZAROV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-280-G** |
| | ) | |
| **CHRIS GANTT, Facility Administrator of Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>ORDER</u>**

On February 13, 2026, Petitioner Sarvar Begnazarov filed a Petition for Writ of Habeas Corpus (the "Petition," Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review. Respondent[1] filed an Answer (Doc. No. 7), and Petitioner filed a Reply (Doc. No. 8).

On April 30, 2026, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 9), recommending that the Petition be granted and Petitioner be immediately released from custody. Respondent filed an Objection (Doc. No. 10) to the R. & R., to which Petitioner responded (Doc. No. 12).

---

[1] The appearing respondent is Robert Cerna, ICE Dallas Field Office Director.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of Uzbekistan who arrived at a port of entry in Texas and applied for admission on July 10, 2023. R. & R. at 2. A Department of Homeland Security ("DHS") official inspected Petitioner and charged him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he had no valid entry documents. *Id.* DHS issued Petitioner a Notice to Appear for removal proceedings before an Immigration Judge on January 3, 2024. *Id.*; *see* Doc. No. 7-1. Petitioner was also issued an I-94 (Doc. No. 7-4) and granted parole into the United States until July 8, 2024, pursuant to 8 U.S.C. § 1182(d)(5)(A). *See id.*; R. & R. at 5; Answer at 6.

In 2024 Petitioner sought asylum and withholding of removal. R. & R. at 2; *see* Doc. Nos. 7-2, 7-3. On June 29, 2026, an Immigration Judge ordered Petitioner to be removed; Petitioner's appeal of the removal remains pending. *See* R. & R. at 2; EIOR Automated Case Info., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 26, 2026).

On October 22, 2025, Petitioner was arrested and detained. R. & R. at 2; Answer at 2, 6. Petitioner remains in ICE custody at Cimarron Correctional Facility in Cushing, Oklahoma. Answer at 6.

*II. The Pleadings*

In the Petition, Petitioner argues that his arrest and his continued detention without a bond hearing after previous parole are unlawful and violate his rights under the Immigration and Nationality Act ("INA") and the Fifth Amendment. *See* Pet. at 6-7; *see also* Pet'r's Reply at 3-11. Petitioner requests immediate release or, in the alternative, an individualized bond hearing. *See* Pet. at 7.

Respondent contends that Petitioner is properly detained under 8 U.S.C. § 1225(b)(1) and that he is subject to mandatory detention pursuant to that statute. *See* Answer at 6-8. Respondent further argues that under 8 C.F.R. § 212.5(e)(2), noncitizens revert to their prior status when their parole is revoked, which makes them "arriving aliens" subject to mandatory detention under § 1225(b)(1). *See id.* at 7-8. Respondent additionally contends that Petitioner's due process rights have not been violated. *See id.* at 9-12.

*III. The Report and Recommendation*

*A. The Court's Jurisdiction*

Judge Erwin first rejected Respondent's argument that the Court lacks jurisdiction to review Petitioner's detention, stating:

> Petitioner presented himself at a port of entry and was released subject to conditions. Respondents contend they are properly detaining Petitioner under 8 U.S.C. § 1225(b)(1) and that the Court has no jurisdiction to review the discretionary decision to re-detain Petitioner during the pendency of his removal proceedings. The Court should disagree. Petitioner does not challenge a discretionary decision to terminate his parole. He instead argues he was arbitrarily detained in violation of his due process rights and the regulations governing his parole. As a result, the Court has jurisdiction to consider Petitioner's claims.

R. & R. at 3-4 (citations omitted); *see also* Answer at 8-9; Pet. at 6-7.

In the Objection, Respondent again argues that the "discretionary determination" "to terminate Petitioner's parole" is "jurisdictionally barred." Resp't's Obj. at 1-2 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)).

Having considered the issue de novo, the Court finds no jurisdictional impediment here. Petitioner challenges not the termination of his parole but the legality of his arrest and continued detention. *See* Pet. at 2, 6-7; *see also* Answer at 6. A district court may issue a writ of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *1 (W.D. Okla. July 23, 2026) ("Petitioner challenges the statutory basis for his detention, an issue this Court and many others have determined is properly before the federal district court."). Respondent's jurisdictional objection is overruled.

*B. The Inapplicability of 8 U.S.C. § 1225(b)(1)*

"Generally, 8 U.S.C. § 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were

thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).")).

Section 1225 provides in relevant part that, "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible . . . , the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). An individual detained as inadmissible upon inspection at the border can be paroled into the United States, however, "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). Such parole "shall not be regarded as an admission of the alien," "and when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled." 8 U.S.C. § 1182(d)(5)(A). "[T]hereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

Respondent's Answer contended that Petitioner "is lawfully detained under § 1225(b)(1)" because, "upon termination of [his] parole, Petitioner [was] subject to detention pursuant to Section 1225 as an 'applicant for admission.'" Answer at 6, 11-12 (quoting 8 U.S.C. § 1182(d)(5)(A)). Judge Erwin disagreed, concluding instead:

> Because Petitioner had been released on humanitarian parole for over two years, "it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *See Rafibaev v. Noem*, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026).

R. & R. at 3, 4-5 (omission in original).

Respondent objects, again arguing that the termination of Petitioner's parole rendered Petitioner subject to § 1225(b)(1). *See* Resp't's Obj. at 2-3. "Although employing a de novo review," the undersigned "declines to engage in lengthy analysis" on this point. *Shamyrzaev v. Gantt*, No. CIV-26-1118-J, 2026 WL 2447156, at *2 (W.D. Okla. Aug. 20, 2206). Multiple judges of this Court, and "many others . . . nationwide," have rejected this argument, instead concluding "that § 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States for several years before their parole under § 1182(d)(5) is revoked." *Id.*; *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (alteration, omission, and internal quotation marks omitted); *accord Bello Rodriguez*, 2026 WL 2364679, at *1. The Court concurs with these decisions and overrules this objection.

"Having determined that Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1), Petitioner's re-detention is governed by 8 U.S.C. 1226(a)." *Bello Rodriguez*, 2026 WL 2364679, at *2. Accordingly, Petitioner "is due the process provided by § 1226(a), including an individualized bond hearing." *Sukuev*, 2026 WL 2323188, at *2; *see Santillan Quiroz*, 180 F.4th at 1237, 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 9) is ADOPTED in relevant part.

---

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address the remainder of the R. & R. or Petitioner's other claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.
2. Respondent is ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.
4. Petitioner's pending Motions (Doc. Nos. 13, 15) are DENIED AS MOOT.
5. Respondent shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.
6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 29th day of October, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge